# NINETEENTH JUDICIAL DISTRICT COURT

# PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

JMCB, LLC, ON BEHALF OF ITSELF
AND ALL OTHERS
SIMILARLY SITUATED

SUIT NO. 654026



VERSUS

DIVISION:

THE BOARD OF COMMERCE
& INDUSTRY; LOUISIANA DEPARTMENT OF
ECONOMIC DEVELOPMENT; AND,
CAMERON LNG, LLC

* * * * * * * * * * * * * * * * * * * * * * * * * *

## CLASS ACTION PETITION

    **NOW INTO COURT**, comes Plaintiff, JMCB, LLC, on behalf of itself and on behalf of all others similarly situated, which respectfully represents:

1.

    Made defendants herein are: The Board of Commerce and Industry (hereinafter "Board"); Louisiana Department of Economic Development (hereinafter "LDED"); and, Cameron LNG, LLC, (hereinafter "Cameron LNG"), a foreign limited liability company domiciled in Delaware which initially qualified to do business in Louisiana on December 13, 2001.

2.

    Ad valorem taxes (also known as "property taxes") in Louisiana are established at Article VII, Section 18 of the Louisiana Constitution of 1974. The classifications of property subject to ad valorem taxation in Louisiana are as follows: land; improvements for residential purposes; electric cooperative properties, excluding land; public service properties, excluding land; and, other property.

3.

    Some property in Louisiana is exempt from ad valorem taxation. The homestead exemption is a popular exemption from ad valorem taxation, found at Article VII, Section 20 of the Louisiana Constitution of 1974, and other property exemptions are found at Article VII, Section 21 of the Louisiana Constitution of 1974. In addition to the



EXHIBIT

1

homestead exemption, only the property listed in Article VII, Section 21 of the Louisiana

Constitution of 1974 is exempt from ad valorem taxation and no other.

4.

This case involves the property exemption found at Article VII, Section 21(F) of

the Louisiana Constitution of 1974. The text of this constitutional provision provides, in

pertinent part, as follows:

> **Section 21.** In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
>
> ....
>
> (F) Notwithstanding any contrary provision of this Section, the State Board of Commerce and Industry or its successor, with the approval of the governor, may enter into contracts for the exemption from ad valorem taxes of a new manufacturing establishment or an addition to an existing manufacturing establishment, on such terms and conditions as the board, with the approval of the governor, deems in the best interest of the state.
>
> The exemption shall be for an initial term of no more than five calendar years, and may be renewed for an additional five years. All property exempted shall be listed on the assessment rolls and submitted to the Louisiana Tax Commission or its successor, but no taxes shall be collected thereon during the period of exemption.
>
> The terms "manufacturing establishment" and "addition" as used herein mean a new plant or establishment or an addition or additions to any existing plant or establishment which engages in the business of working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process.

5.

As noted above in the constitutional provision, as an inducement for

manufacturers to build new manufacturing plants or to build additions to existing

manufacturing plants in Louisiana, La. Const. art. VII, § 21(F) authorizes the State of

Louisiana and the Board, with the approval of the governor of Louisiana, to enter into

contracts to exempt new manufacturing establishments or additions to existing

manufacturing establishments from ad valorem taxes on such terms as the Board deems

in the best interest of the State.

6.

The rules for the Industrial Ad Valorem Tax Exemption Program are contained in

the Louisiana Administrative Code at Title 13, Chapter 5. In order to apply for the

exemption, an advance notification form must be filed with LDED prior to the beginning

of construction or installation of facilities. An application must also be filed with LDED during the prescribed time period allowed by the rules. According to the rules, eligibility of the applicant and the property for the exemption is reviewed by the Board based upon the facts and circumstances existing at the time the application is considered. An application filed prior to completion of construction may be considered by the Board and a contract may be executed based upon the best available estimates of the values of the buildings, equipment and machinery to be made part of the facility, subject to review and approval of the Project Completion Report and Affidavit of Final Cost.

7.

Assuming the Board votes to approve the exemption request, the exemption itself is evidenced by a written contract that is supposed to be signed by the governor of Louisiana, a duly authorized representative of the Board, and a duly authorized representative of the applicant/manufacturer. As noted in constitutional provision, any exemption granted is for an initial term of no more than five calendar years, and may be renewed for an additional five years. All property exempted shall be listed on the assessment rolls and submitted to the Louisiana Tax Commission or its successor, but no ad valorem taxes shall be collected thereon during the period of exemption.

8.

On or about July 22, 2003, Cameron LNG submitted an advance notification form to LDED for the purpose of applying for an ad valorem tax exemption provided for at La. Const. art. VII, § 21(F). In the "short description of this project" section of the advance notification form, the form stated: "Liquefied Natural Gas receiving and processing facility" (hereinafter referred to as "Regasification Facility"). The form further described the project as a "new" project, and stated that Cameron LNG's investment amount in the project, to be considered for the exemption, would be $552,000,000. The form stated that the project's physical address was "801 North Main Street, Hackberry, Louisiana, 70645." LDED assigned Project Number 20030342 to the project.

9.

On or about September 26, 2003, Cameron LNG submitted a Louisiana industrial ad valorem tax exemption program application ("application") to LDED with respect to the Regasification Facility. In the "product manufactured" section of the application, it

stated: "Regasified Natural Gas." In the "give a detailed explanation of plant operations and manufacturing process" section of the application, it stated: "Cameron LNG, LLC will engage in a manufacturing process that converts liquefied natural gas (LNG) into a gas suitable for consumer use and as a feedstock for the chemical industry. LNG has already gone through an involved treating, dehydration and purification process to remove impurities." The application described the project type as a "new plant," and further stated that Cameron LNG's investment amount in the project, to be considered for the exemption, would be $549,229,000. Like the advance notification form, the application stated that the plant's physical address and actual location was "801 North Main Street, Hackberry, Louisiana, 70645."

10.

Upon information and belief, Cameron LNG did not have any business operations at 801 North Main Street in Hackberry, Louisiana, at the time the application and advance notification form were submitted to LDED.

11.

On or about October 1, 2003, LDED mailed a letter to Cameron LNG stating that the application would be considered by the Board at its meeting on October 22, 2003. Enclosed with the letter was a work sheet containing LDED's staff's recommendation relative to the application. The work sheet noted that: the company name is "Cameron LNG, LLC"; the project type is "N" (presumably meaning "New"); the contract amount was "$549,229,000"; the estimated ad valorem tax exemption was "$126,981,745"; and, the staff recommendation was that the "subject application is eligible for tax exemption on the investment amount of $549,229,000."

12.

On or about October 22, 2003, the Board voted to approve Cameron LNG's request for tax exemption on the estimated $549,229,000 investment amount for the Regasification Facility. The letter from LDED informing Cameron LNG of the Board's vote stated that the initial contract is for a period of five (5) years with a provision for an additional five (5) years of exemption, assuming compliance with all provisions of the contract and the rules governing the tax exemption program. Three (3) sets of the contract

were enclosed with the letter and the letter requested that all three copies be executed and returned to LDED within thirty (30) days.

13.

Upon information and belief, on or about December 22, 2003, Cameron LNG returned the contracts to LDED which were executed by an authorized representative of Cameron LNG, and LDED returned a fully executed Regasification Contract to Cameron LNG on or about January 7, 2004.

14.

Plaintiff shows that the contract refers to Cameron LNG's "plans to construct a new manufacturing establishment" in at least two different sections of the contract, and states that the establishment is to be located at "801 North Main Street, Hackberry, Cameron, Louisiana," which was consistent with the address provided on the application and advance notification form.

15.

Upon information and belief, construction of the Regasification Facility began in 2004.

16.

After completion of construction of the Regasification Facility, Cameron LNG submitted an amended affidavit of final cost to LDED in February, 2010, along with supporting documentation in spreadsheet form listing the asset description for each item for which the exemption was being claimed, the date placed in service for each item, and the cost basis for each listed item. The amended affidavit listed "801 North Main Street, Hackberry, LA" as the address for the Regasification Facility, which was consistent with the address provided on the application, the advance notification form and in the contract. Pursuant to the contract, because construction of the Regasification Facility was completed and operations began in 2009, the effective date of the contract, and thus the tax exemption, began on December 31, 2009.

17.

In 2014, LDED forwarded to Cameron LNG an industrial tax exemption renewal data form for the renewal of the contract. The form informed Cameron LNG that the initial contract was issued for up to five years, with an option to renew for five years, and

that the initial contract period would expire December 31, 2014. The form requested updated data regarding the number of full time employees on the payroll, and requested a brief explanation of Cameron LNG's manufacturing process, including an explanation if any of the process had been changed, modified, or eliminated.  In responding to the latter requested data, the following appears on the form Cameron LNG filed with LDED in pertinent part: "Cameron LNG, LLC will engage in a manufacturing process that converts liquefied natural gas (LNG) into a gas suitable for consumer use and as a feedstock for the chemical industry." This is the same process that Cameron LNG described in its application when the original contract was executed in 2003. The renewal data form showed that Cameron LNG had 62 employees at that time at the Regasification Facility. The Board voted to renew the contract for the additional five year term. Cameron LNG executed the renewal contract on August 6, 2014; the Board's representative executed the renewal contract on February 16, 2015; and, Governor Jindal executed the renewal contract on July 2, 2015.

18.

Prior to filing for the renewal of the contract in 2014, Cameron LNG filed several other tax exemption applications with LDED related to the Regasification Facility and the Board approved each of them. *See* Contract Numbers: 20030342B-ITE; 20110922-ITE; 20110922A-ITE; 20120654-ITE; 20120899-ITE; 20130360-ITE; 20130562-ITE; and, 20140602-ITE. In each such application, Cameron LNG utilized the same "manufacturing process" definition as it did in Contract Number 20030342-ITE, *i.e.*, "Cameron LNG, LLC will engage in a manufacturing process that converts liquefied natural gas (LNG) into a gas suitable for consumer use and as a feedstock for the chemical industry." Further, with the exception of Contract Number 20030342B-ITE (which referred to the project as "Phase II" or a "start-up/new plant"), Cameron LNG referred to the project type in these applications as an "expansion," or an "addition to", or "upgrades," or "miscellaneous capital additions" to the existing Regasification Facility, which is located at 801 North Main Street, Hackberry, Louisiana. Cameron LNG was able to classify these project types in this manner because the effective date of the contract for the Regasification Facility was December 31, 2009, and the Regasification

Facility was already operational at the time these "additions to" the Regasification Facility were presented for a tax exemption pursuant to La. Const. art. VII, § 21(F).

19.

On or about March 28, 2013, Cameron LNG submitted an industrial ad valorem tax exemption program application ("Liquefaction Application I") and an advance notification form ("Liquefaction Advance Notification Form I") to LDED for the purpose of applying for an ad valorem tax exemption provided for at La. Const. art. VII, § 21(F). In the "product manufactured" section of Liquefaction Application I, Cameron LNG wrote in: "Liquefied Natural Gas."   In the "manufacturing process" section of Liquefaction Application I, Cameron LNG wrote in: "Cameron LNG will engage in a manufacturing process to convert natural gas from its gaseous state into a new liquid state that is suitable for delivery to its customers. The artificial process starts with treatment of the gas to remove certain impurities, to remove water vapor and to remove heavy hydrocarbons, thus changing the molecular makeup of the gas. The gas is then condensed and cooled through exposure to progressively cooler refrigerants until it reaches a liquid state at -260 degrees Fahrenheit. Once the natural gas is converted to its liquid state, it is stored and delivered to customers."   Liquefaction Application I and Liquefaction Advance Notification Form I stated that the project's physical address and actual location was "301 North Main Street, Hackberry, Louisiana." Liquefaction Application I further stated that Cameron LNG's investment amount in the project, to be considered for the exemption, would be $9,020,758,000.

20.

In one section of Liquefaction Application I, Cameron stated that the project type was an "addition to an existing plant."   In another section of Liquefaction Application I, Cameron stated that this was an "expansion of facility to convert natural gas into liquefied natural gas."  Liquefaction Advance Notification Form I referred to the project type as an "expansion," but then also described the project as a "New Manufacturing Operation to convert Natural Gas into Liquefied Natural Gas."

21.

Upon information and belief, Cameron LNG did not have an existing plant or facility which was engaged in manufacturing anything at 301 North Main Street in

Hackberry, Louisiana, at the time Liquefaction Application I was considered by the Board, and therefore, the Liquefaction Facility could not have been an "addition to an existing plant" at that location.

22.

Plaintiff avers that the Liquefaction Facility was also not an "addition to an existing plant", *i.e.,* the Regasification Facility, because, as outlined in Cameron LNG's own applications and advance notification forms noted above, the process at each facility is different; the end product at each facility is different; each facility utilizes different machinery and equipment that is not dependent on the other; and, the facilities are separate and are located at different addresses.

23.

Plaintiff avers that Cameron LNG was required to categorize the Liquefaction Facility as a "new plant or establishment" on Liquefaction Application I that would have to qualify as such to obtain a tax exemption under La. Const. art. VII, § 21(F). Instead, knowing that the Liquefaction Facility would not qualify for a tax exemption under the "new manufacturing plant or establishment" definition contained in La. Const. art. VII, § 21(F), Cameron LNG purposefully completed Liquefaction Application I incorrectly and misled the Board in an attempt to gain approval for a tax exemption by suggesting that the Liquefaction Facility was an "addition to an existing plant."

24.

On or about April 17, 2013, LDED mailed a letter to Cameron LNG stating that Liquefaction Application I would be considered by the Board at its meeting on April 23, 2013. Enclosed with the letter was a work sheet containing LDED's staff's recommendation relative to Liquefaction Application I. The work sheet is dated April 12, 2013, and noted that: the company name is "Cameron LNG, LLC"; the project type is "expansion"; the contract amount was "$9,020,758,000"; the ad valorem tax was "$2,194,750,421"; and, the staff recommends "approval."

25.

Plaintiff avers that although LDED's staff referred to the project type as an "expansion," and recommended approval of the application, at least in part on that classification, La. Const. art. VII, § 21(F) only provides for tax exemptions thereunder to

a "new manufacturing plant or establishment" or "an addition or additions to an existing manufacturing plant or establishment." The Liquefaction Facility was not an addition to the existing Regasification Facility, and it did not qualify for a tax exemption as a new manufacturing plant or establishment either.

26.

Nevertheless, on or about April 23, 2013, the Board voted to approve Cameron LNG's request for tax exemption on the estimated $9,020,758,000 investment amount. The letter from LDED to Cameron LNG informing it of the Board's vote stated that the initial contract is for a period of five (5) years with a provision for an additional five (5) years of exemption, assuming compliance with all provisions of the contract and the rules governing the tax exemption program. Three (3) sets of the contract (hereinafter "Liquefaction Contract I") were enclosed with the letter and the letter requested that all three copies be executed and returned to LDED within thirty (30) days.

27.

Plaintiff shows that Liquefaction Contract I refers to Cameron LNG's Liquefaction Facility as an addition to its manufacturing establishment, stating: "[T]he Contractee will construct at an approximate cost of $9,020,758,000, *an addition to its manufacturing establishment*." (emphasis added).

28.

James R. Asay, identified as Vice President - Tax, executed Liquefaction Contract I on behalf of Cameron LNG in San Diego, California, on June 12, 2013; Anne G. Villa, the duly authorized representative of the Board executed Liquefaction Contract I on July 30, 2013; and, Governor Piyush "Bobby" Jindal executed Liquefaction Contract I on August 13, 2013.

29.

On or about August 22, 2013, LDED mailed a letter to Cameron LNG which included a copy of Liquefaction Contract I. The Contract Number was 20130429-ITE. Also included were a copy of the project completion report, the affidavit of final cost, the incentives program annual report, and the annual project status report for advance applications that are required to be filed with LDED. The letter stated that the project completion report was due not later than three (3) months after the beginning of

operations or thirty (30) days after completion of construction, or receipt of the fully executed contract, whichever occurs last. The letter further stated that the affidavit of final cost is due within six (6) months after construction has been completed, or receipt of the fully executed contract, whichever occurs last. The letter further stated that the incentives program annual report is due by May 1 of the year following the year an exemption is granted. And finally, the letter stated that because the contract was considered a "front end" contract, the annual project status report for advance applications is due by December 31 of each year that the project is not completed until such time as the project completion report is filed.

30.

Pursuant to Article V of Liquefaction Contract I, the effective date of the contract shall be the last day of the tax assessment year in which the project becomes operational as stated in the Project Completion Report, and from the effective date of the contract and for a period of five (5) years thereafter, the State of Louisiana gives and grants unto Cameron LNG an exemption from all ad valorem taxes, including all state, parish, municipal, district and special taxes for the property belonging to Cameron LNG as described in the affidavit of final cost.

31.

Pursuant to Article IV of Liquefaction Contract I, a sworn statement specifying the exact date of completion and beginning of operation shall be filed with LDED's Office of Business Development on the project completion report within thirty (30) days following the last day of the month after effective operation has begun, or construction is essentially complete, whichever occurs last.

32.

Upon information and belief, Liquefaction Contract I was considered to be a "front end" contract due to the fact that the effective date of the contract and the resulting tax exemption would occur several years after the contract was actually executed, and Cameron LNG is required to file an annual status declaration for advance contracts form each year with LDED until the effective date of the contract.

33.

Construction of the Liquefaction Facility began in October of 2014. Pursuant to Cameron LNG's 2015 annual project status report for advance applications, filed with LDED in January of 2016, the Liquefaction Facility was approximately 30% completed at that time and the company expected to achieve commercial operational dates for Liquefaction Trains 1, 2 and 3 in early, mid and late 2018, respectively. Based on this information, the Liquefaction Facility has not yet become operational and the effective date of Liquefaction Contract has not occurred, and thus, no future application requesting a tax exemption based on being "an addition to" the Liquefaction Facility could be approved until after those criteria were satisfied.

34.

Yet, since the execution of Liquefaction Contract I (Contract Number 20130429-ITE), Cameron LNG has submitted another industrial ad valorem tax exemption program application ("Liquefaction Application II) and advance notification form (Liquefaction Advance Notification Form II) to LDED for consideration in relation to Cameron LNG's liquefaction activities. Liquefaction Advance Notification Form II, submitted to LDED on or about January 25, 2016, states that the project type is "expansion"; the project name is "LNG Expansion"; and, the description given for the project stated: "Expanding current liquefaction facility with the addition of another LNG train and track." The project physical address provided was: "255 North Main Street, Hackberry, LA 70645." The estimated new number of jobs to be created by the project was 48, with an estimated annual payroll of $3,360,000.

35.

Liquefaction Application II, also submitted to LDED on or about January 25, 2016, also gave a physical address of "255 N. Main Street, Hackberry, LA 70645," and stated that the product manufactured is "Liquefied Natural Gas." In the "manufacturing process/activities" section of Liquefaction Application II, Cameron LNG wrote in: "Cameron LNG will engage in a manufacturing process to convert natural gas from its gaseous state into a new liquid state that is suitable for delivery to its customers. The artificial process starts with treatment of the gas to remove certain impurities, to remove water vapor and to remove heavy hydrocarbons, thus changing the molecular makeup of

the gas. The gas is then condensed and cooled through exposure to progressively cooler refrigerants until it reaches a liquid state at -260 degrees Fahrenheit. Once the natural gas is converted to its liquid state, it is stored and delivered to customers." This is the same process Cameron LNG provided for Liquefaction Application I. Liquefaction Application II stated that the project type is "addition to an existing plant," and further states that "Cameron LNG has plans to expand the current liquefaction facility (currently under construction) to add an additional liquefaction train and an additional LNG tank. This phase of the project will not include an additional building." Finally, Liquefaction Application II further stated that Cameron LNG's investment amount in the project, to be considered for the exemption, would be $3,200,000,000. LDED acknowledged receipt of Liquefaction Application II and Liquefaction Advance Notification Form II by letter to Cameron LNG dated January 26, 2016.

36.

Plaintiff avers that Cameron LNG's proposed plant/project described in Liquefaction Application II was not "an addition to" the existing Regasification Facility for the same reasons, noted above, that the Liquefaction Facility was not "an addition to" the Regasification Facility.

37.

Plaintiff avers that Cameron LNG's proposed plant/project described in Liquefaction Application II was also not "an addition to" the still-under-construction Liquefaction Facility such that it would qualify for a tax exemption under La. Const. art. VII, § 21(F) because: (1) the Liquefaction Facility itself did not qualify for and/or was not granted a tax exemption as a "new manufacturing plant or establishment" under La. Const. art. VII, § 21(F); and (2) La. Const. art. VII, § 21(F) requires there to be an existing manufacturing plant or establishment (Plaintiff denies that the Liquefaction Facility will "manufacture" anything pursuant to the constitutional definition) which is actually operating in order for an addition to the plant or establishment to qualify for tax exemption treatment, and, as shown above, the Liquefaction Facility is still under construction and will not be operational until 2018.

38.

Plaintiff avers that Cameron LNG was required to categorize the proposed plant/facility on Liquefaction Application II as a "new plant or establishment" that would have to qualify as such to obtain a tax exemption under La. Const. art. VII, § 21(F). Instead, knowing that the proposed plant/facility described in Liquefaction Application II would not qualify for a tax exemption under the "new plant or establishment" definition contained in La. Const. art. VII, § 21(F), Cameron LNG purposefully completed Liquefaction Application II incorrectly and misled the Board in an attempt to gain approval for a tax exemption by suggesting that the proposed plant/facility in Liquefaction Application II was an "addition to an existing plant."

39.

On or about February 24, 2016, LDED mailed a letter to Cameron LNG stating that Liquefaction Application II would be considered by the Board at its meeting on March 22, 2016. Enclosed with the letter was a work sheet containing LDED's staff's recommendation relative to Liquefaction Application II. The work sheet noted that: the company name is "Cameron LNG, LLC"; the project type is "expansion"; the project description was "expansion of existing facility"; the contract amount was "$3,200,000,000"; the estimated ad valorem tax exemption was "$778,560,000"; and, the staff recommendation was "approval."

40.

Plaintiff avers that although LDED's staff referred to the project type as an "expansion of existing facility," and recommended approval of the application at least in part on that classification, La. Const. art. VII, § 21(F) only provides tax exemptions thereunder to a "new manufacturing plant or establishment" or "an addition or additions to an existing manufacturing plant or establishment." The facility was not an addition to the existing Regasification Facility; the Liquefaction Facility was not an existing plant which was already engaged in the business of working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process at the time Liquefaction Application II was considered by the Board; and, the facility did not qualify for a tax exemption as a new manufacturing plant or establishment either.

41.

Plaintiff avers that while Cameron LNG referred to this as an expansion of the "existing facility," it was neither an addition to the Liquefaction Facility or the Regasification Facility. Rather, it was a "new plant or establishment" which had to meet the requirements of La. Const. art. VII, § 21(F) in order to qualify for a tax exemption.

42.

On March 22, 2003, the Board voted to approve Cameron LNG's request for tax exemption on the estimated $3,200,000,000 investment amount. The letter sent to Cameron LNG informing it of the Board's vote stated that the initial contract is for a period of five (5) years with a provision for an additional five (5) years of exemption, assuming compliance with all provisions of the contract and the rules governing the tax exemption program. Three (3) sets of the contract ("Liquefaction Contract II") were enclosed with the letter and the letter requested that all three copies be executed and returned to LDED within thirty (30) days.

43.

Plaintiff shows that Liquefaction Contract II states that Cameron LNG "will construct an addition to its manufacturing establishment" in at least two different sections of the contract, and states that the establishment is located at "255 North Main Street, Hackberry, Louisiana, in Cameron Parish." Plaintiff shows that 255 North Main Street is not the address of the Regasification Facility (801 North Main Street), or the address of the Liquefaction Facility (301 North Main Street).

44.

Based on all of the above, Plaintiff avers that Cameron LNG's major tax exemption applications deal with three separate and distinct plants/facilities in Hackberry, Louisiana. The first major application was for the Regasification Facility (which was also the first facility to be built) wherein Cameron LNG engages in a process that converts liquefied natural gas (LNG) into natural gas. Cameron LNG described this as a "liquefied natural gas receiving and processing facility" in its first application submitted to LDED. Cameron LNG received a tax exemption contract for the initial construction of the Regasification Facility and has received additional tax exemption contracts for Regasification Facility additions since 2004. The address for this facility is

801 North Main Street, Hackberry, Louisiana. The second major application was for the Liquefaction Facility. The Liquefaction Facility has been under construction since 2014 and is currently still under construction. According to Cameron LNG, this facility will engage in a process to convert natural gas from its gaseous state into a new liquid state that is suitable for delivery to its customers. Clearly, this process is the opposite of the process engaged in by the Regasification Facility. As such, the Liquefaction Facility is not an "addition to" the existing Regasification Facility as suggested by Cameron LNG in its filings with LDED; but rather, is a separate and new facility, with totally different machinery and equipment, which had to satisfy the criteria of La. Const. art. VII, § 21(F) on its own merit in order to qualify for a tax exemption. Clearly, the Liquefaction Facility has nothing to do with the Regasification facility, and the address for the Liquefaction Facility (301 North Main Street, Hackberry, Louisiana) is different than the address for the Regasification Facility. Finally, the third major application filed by Cameron LNG, like Liquefaction Application I, was also for a facility which will engage in a process to convert natural gas from its gaseous state into a new liquid state that is suitable for delivery to its customers. Upon information and belief, construction on this facility will begin in 2017. Clearly, this process is the opposite of the process engaged in by the Regasification Facility. As such, this facility is not an "addition to" the existing Regasification Facility. Likewise, this facility is not an "addition to" the Liquefaction Facility for the reasons discussed above. Rather, is a separate and new facility, with totally different machinery and equipment than the Liquefaction Facility, which had to satisfy the criteria of La. Const. art. VII, § 21(F) on its own merit in order to qualify for a tax exemption. The address for this facility (255 North Main Street, Hackberry, Louisiana), is different than the address for the Liquefaction Facility (301 North Main Street, Hackberry, Louisiana.)

45.

Plaintiff, JMCB, LLC, is a Louisiana domestic limited liability company which currently owns property (land) in Cameron Parish which is subject to ad valorem taxes for which no exemption is available.

46.

Plaintiff avers that it will have an inflated ad valorem tax liability due and payable to Cameron Parish taxing bodies and entities that receive ad valorem taxes as a result of the exemptions granted to Cameron LNG through Liquefaction Contracts I and II after the effective dates of the respective contracts, and that it and the class members would, including the Cameron Parish taxing bodies and entities that receive ad valorem taxes, benefit from the payment of ad valorem taxes by Cameron LNG.

47.

Plaintiff avers that the Liquefaction Facility is not an addition to the existing Regasification Facility pursuant to La. Const. art. VII, § 21(F), but rather, is a new, distinct and separate facility which had to qualify for a tax exemption under La. Const. art. VII, § 21(F) on its own merit, and that Cameron LNG mischaracterized the project type of the Liquefaction Facility as an addition to the Regasification Facility to obtain Board approval of the tax exemption.

48.

Plaintiff avers that Cameron LNG did not have an existing "facility to convert natural gas into liquefied natural gas" or an existing "liquefaction facility" at 801 North Main Street, in Hackberry, Louisiana, at the time Liquefaction Application I was considered by the Board. The Regasification Facility is located at 801 North Main Street in Hackberry, and the Liquefaction Facility was to be located at 301 North Main Street in Hackberry.

49.

Plaintiff avers that Cameron LNG submitted Liquefaction Application I and Liquefaction Advance Notification Form I to LDED which stated the project type was an "addition to an existing plant" and an "expansion of facility to convert natural gas into liquefied natural gas," and thus, was applying for an exemption under the "addition to an existing manufacturing establishment" provision of La. Const. art. VII, § 21(F), when, in fact: (1) Cameron LNG did not have an existing manufacturing plant or establishment at the provided Liquefaction Facility location at the time the application was considered by the Board; and/or (2) Cameron LNG did not have an existing manufacturing plant or establishment which was engaged in the liquefaction of natural gas at the provided

Liquefaction Facility location at the time the application was considered by the Board; and/or (3) the Liquefaction Facility was not an addition to the already existing Regasification Facility; and/or (4) the Liquefaction Facility was not an addition to an already existing manufacturing establishment at the provided Liquefaction Facility address; and/or (5) the Liquefaction Facility was not going to serve as an integral part of any existing manufacturing process that may or may not be already occurring at the Regasification Facility; and/or (6) the Liquefaction Facility will not be engaged in the business of working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process. As a result, Plaintiff avers that the Board exceeded its constitutional authority in entering into Liquefaction Contract I because Cameron LNG did not qualify for and was not authorized to receive an industrial tax exemption under the "addition to an existing manufacturing establishment" provision of La. Const. art. VII, § 21(F).

50.

Plaintiff seeks a declaratory judgment against the Defendants declaring that the issuance of Liquefaction Contract I to Cameron LNG was an improper act of the Board in violation of Louisiana Constitution of 1974, Article VII, Section 21(F) because Cameron LNG submitted an industrial ad valorem tax exemption program application and advance notification form which stated that it was applying for an exemption under the "addition to an existing manufacturing establishment" provision of La. Const. art. VII, § 21(F), when, in fact: (1) Cameron LNG did not have an existing manufacturing plant or establishment at the provided Liquefaction Facility location at the time the application was considered by the Board; and/or (2) Cameron LNG did not have an existing manufacturing plant or establishment which was engaged in the liquefaction of natural gas at the provided Liquefaction Facility location at the time the application was considered by the Board; and/or (3) the Liquefaction Facility was not an addition to the already existing Regasification Facility; and/or (4) the Liquefaction Facility was not an addition to an already existing manufacturing establishment at the provided Liquefaction Facility address; and/or (5) the Liquefaction Facility will not to serve as an integral part of any existing manufacturing process that may or may not be already occurring at the Regasification Facility; and/or (6) the Liquefaction Facility will not be engaged in the

business of working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process. As a result, Plaintiff seeks a declaratory judgment against the Defendants finding that Liquefaction Contract I is an absolute nullity and/or is null and void and of no force or legal effect.

51.

Plaintiff avers that Cameron LNG submitted Liquefaction Application I and Liquefaction Advance Notification Form I to LDED which failed to state that Cameron LNG was applying for an exemption under the "new manufacturing establishment" provision of La. Const. art. VII, § 21(F).

52.

Plaintiff seeks a declaratory judgment against the Defendants declaring that the issuance of the Liquefaction Contract I to Cameron LNG was an improper act of the Board in violation of La. Const. art. VII, § 21(F) because Cameron LNG submitted an industrial ad valorem tax exemption program application and advance notification form to LDED which failed to state that Cameron LNG was applying for an exemption under the "new manufacturing establishment" provision of La. Const. art. VII, § 21(F). As a result, Plaintiff seeks a declaratory judgment against the Defendants finding that Liquefaction Contract I is an absolute nullity and/or is null and void and of no force or legal effect.

53.

Plaintiff avers that the Board exceeded its constitutional authority in entering into Liquefaction Contract I because Cameron LNG was not authorized to receive an industrial tax exemption under La. Const. art. VII, § 21(F) because Cameron LNG's Liquefaction Facility at 301 North Main Street in Hackberry, Louisiana, is not a plant or establishment which engages or will engage in the business of working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process.

54.

Plaintiff seeks a declaratory judgment against the Defendants declaring that the issuance of Liquefaction Contract I to Cameron LNG was an improper act of the Board in

violation of La. Const. art. VII, § 21(F) because Cameron LNG's Liquefaction Facility at 301 North Main Street in Hackberry, Louisiana, is not a plant or establishment which engages or will engage in the business of working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process. As a result, Plaintiff seeks a declaratory judgment against the Defendants finding that Liquefaction Contract I is an absolute nullity and/or is null and void and of no force or legal effect.

55.

Plaintiff avers that Cameron LNG's Liquefaction Facility at 301 North Main Street in Hackberry, Louisiana, is not a new "manufacturing establishment" or an "addition to an existing manufacturing establishment" according to the constitutional definition found at La. Const. art. VII, § 21(F). As a result, Plaintiff seeks a declaratory judgment against the Defendants finding that Liquefaction Contract I is an absolute nullity and/or is null and void and of no force or legal effect.

56.

Plaintiff avers that Liquefaction Contract II is unconstitutional because the "manufacturing process" described by Cameron LNG in Liquefaction Application II does not meet the required definition of "working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process" or the "manufacturing establishment" or "addition to an existing manufacturing establishment" definitions as outlined in La. Const. art. VII, § 21(F). As a result, Plaintiff and the class seek a declaratory judgment against the Defendants declaring that Liquefaction Contract II is an absolute nullity and/or null and void and without force or legal effect.

57.

Plaintiff avers that Cameron LNG submitted Liquefaction Application II and Liquefaction Advance Notification Form II to LDED which stated the project type was an "addition to an existing plant" and an "expansion of facility to convert natural gas into liquefied natural gas," and thus, was applying for an exemption under the "addition to an existing manufacturing establishment" provision of La. Const. art. VII, § 21(F), when, in fact: (1) Cameron LNG did not have an existing manufacturing plant or establishment at

the provided facility location at the time the application was considered by the Board; and/or (2) Cameron LNG did not have an existing manufacturing plant or establishment which was engaged in the liquefaction of natural gas at the provided facility location at the time the application was considered by the Board; and/or (3) the facility was not an addition to the already existing Regasification Facility; and/or (4) the facility was not an addition to an already existing manufacturing establishment at the Liquefaction Facility address; and/or (5) the facility was not going to serve as an integral part of any existing manufacturing process that may or may not be already occurring at the Regasification Facility and/or the Liquefaction Facility. As a result, Plaintiff avers that the Board exceeded its constitutional authority in entering into Liquefaction Contract II because Cameron LNG did not qualify and was not authorized to receive an industrial tax exemption under the "addition to an existing manufacturing establishment" provision of La. Const. art. VII, § 21(F).

58.

Plaintiff seeks a declaratory judgment against the Defendants declaring that the issuance of Liquefaction Contract II to Cameron LNG was an improper act of the Board in violation of Louisiana Constitution of 1974, Article VII, Section 21(F) because Cameron LNG submitted Liquefaction Application II and Liquefaction Advance Notification Form II which stated that it was applying for an exemption under the "addition to an existing manufacturing establishment" provision of La. Const. art. VII, § 21(F), when, in fact: (1) Cameron LNG did not have an existing manufacturing plant or establishment at the provided facility location at the time the application was considered by the Board; and/or (2) Cameron LNG did not have an existing manufacturing plant or establishment which was engaged in the liquefaction of natural gas at the provided facility location at the time the application was considered by the Board; and/or (3) the facility was not an addition to the already existing Regasification Facility; and/or (4) the facility was not an addition to an already existing establishment at the provided Liquefaction Facility address; and/or (5) the facility was not going to serve as an integral part of any existing manufacturing process that may or may not be already occurring at the Regasification Facility and/or the Liquefaction Facility. As a result, Plaintiff seeks a

declaratory judgment against the Defendants finding that Liquefaction Contract II is an absolute nullity and/or is null and void and of no force or legal effect.

59.

Plaintiff avers that Cameron LNG submitted Liquefaction Application II and Liquefaction Advance Notification Form II to LDED which failed to state that Cameron LNG was applying for an exemption under the "new manufacturing establishment" provision of La. Const. art. VII, § 21(F).

60.

Plaintiff seeks a declaratory judgment against the Defendants declaring that the issuance of the Liquefaction Contract II to Cameron LNG was an improper act of the Board in violation of La. Const. art. VII, § 21(F) because Cameron LNG submitted Liquefaction Application II and Liquefaction Advance Notification Form II to LDED which failed to state that Cameron LNG was applying for an exemption under the "new manufacturing establishment" provision of La. Const. art. VII, § 21(F). As a result, Plaintiff seeks a declaratory judgment against the Defendants finding that Liquefaction Contract II is an absolute nullity and/or is null and void and of no force or legal effect.

61.

Plaintiff avers that the Board exceeded its constitutional authority in entering into Liquefaction Contract II because Cameron LNG was not authorized to receive an industrial tax exemption under La. Const. art. VII, § 21(F) because Cameron LNG's facility at 255 North Main Street in Hackberry, Louisiana is not a plant or establishment which engages or will engage in the business of working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process.

62.

Plaintiff seeks a declaratory judgment against the Defendants declaring that the issuance of Liquefaction Contract II to Cameron LNG was an improper act of the Board in violation of La. Const. art. VII, § 21(F) because Cameron LNG's facility at 255 North Main Street in Hackberry, Louisiana, is not a plant or establishment which engages or will engage in the business of working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through

some artificial process. As a result, Plaintiff seeks a declaratory judgment against the Defendants finding that Liquefaction Contract II is an absolute nullity and/or is null and void and of no force or legal effect.

63.

Plaintiff avers that Cameron LNG' facility at 255 North Main Street in Hackberry, Louisiana, is not a new "manufacturing establishment" or an "addition to an existing manufacturing establishment" according to the constitutional definition found at La. Const. art. VII, § 21(F). As a result, Plaintiff seeks a declaratory judgment against the Defendants finding that Liquefaction Contract II is an absolute nullity and/or is null and void and of no force or legal effect.

64.

Plaintiff avers that Liquefaction Contract II is unconstitutional because the "manufacturing process" described by Cameron LNG in Liquefaction Application II does not meet the required definition of "working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process" or the "manufacturing establishment" or "addition to an existing manufacturing establishment" definitions as outlined in La. Const. art. VII, § 21(F). As a result, Plaintiff and the class seek a declaratory judgment against the Defendants declaring that Liquefaction Contract II is an absolute nullity and/or null and void and without force or legal effect.

65.

Plaintiff and the class aver that in the event that any of the declaratory relief requested herein is entered by judgment in favor of the Plaintiff and the class and one and/or both of Liquefaction Contract I and Liquefaction Contract II are deemed to be null and void, but the judgment is not entered until after the effective date of a respective contract, then Plaintiff and the class seek an award of incidental damages from Cameron LNG in the form of the payment of ad valorem taxes not paid and owed after the effective date of the respective contract, payable to the appropriate Cameron Parish taxing body class members, plus any applicable penalties and interest owed under Louisiana law.

66.

This action is brought and maintained as a class action pursuant to the provisions of Louisiana Code of Civil Procedure, Art. 591, et seq. Plaintiff brings this proposed Art. 591(B)(1) and/or (B)(2) class action on behalf of itself, and on behalf of all others similarly situated, as representative of the following proposed class:

> Any and all individuals and businesses that own property in Cameron Parish, State of Louisiana that is subject to ad valorem taxation, and any and all Cameron Parish governmental bodies and entities that are entitled to receive Cameron Parish ad valorem property taxes, as of December 27, 2016.
>
> Specifically excluded from the class are Cameron LNG, LLC, its successors and assigns, and all members of the judiciary, their spouses, and their immediate family members.

67.

The Plaintiff and the class are entitled to have this cause of action maintained as a class action pursuant to Louisiana Code of Civil Procedure, Article 591, *et seq*, for, *inter alia*, the following reasons:

(a)    The class is so numerous that joinder of all members is impracticable;

(b)    There are questions of law or fact common to the class;

(c)    The claims of the representative party are typical of the claims of the class;

(d)    The representative party will fairly and adequately protect the interests of the class;

(e)    The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case; and,

(f)    The prosecution of separate actions by or against individual members of the class would create a risk of: (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class, or (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(g)    The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

68.

On information and belief, it is alleged that there are several thousand individuals and businesses, and several applicable governmental bodies and entities in Cameron Parish which would qualify as a member of the proposed class.

**WHEREFORE,** Plaintiff, JMCB, LLC, on its own behalf, and on behalf of all others similarly situated, prays that the Defendants be served with a copy of this petition and be cited to appear and answer same, and that after all due proceedings had, there be orders and judgments entered as follows:

I.    That an order be entered herein certifying this action as a class action;

II.    That this Court issue a declaratory judgment in favor of the Plaintiff, JMCB, LLC, and the Class and against the Defendants, declaring that the issuance of Liquefaction Contract I to Cameron LNG, LLC, was an improper act of the Board in violation of the Louisiana Constitution of 1974, Article VII, Section 21(F) and declaring that Liquefaction Contract I is null and void and without legal effect because Cameron LNG, LLC, submitted an Industrial Ad Valorem Tax Exemption Program Application and Advance Notification form which stated that it was applying for an exemption under the "addition to an existing manufacturing establishment" provision of La. Const. art. VII, § 21(F), when, in fact: (1) Cameron LNG did not have an existing manufacturing plant or establishment at the provided Liquefaction Facility location at the time the application was considered by the Board; and/or (2) Cameron LNG, LLC, did not have an existing manufacturing plant or establishment which was engaged in the liquefaction of natural gas at the provided Liquefaction Facility location at the time the application was considered by the Board; and/or (3) the Liquefaction Facility was not an addition to the already existing Regasification Facility; and/or (4) the Liquefaction Facility was not an addition to an already existing manufacturing establishment at the provided Liquefaction Facility address; and/or (5) the Liquefaction Facility will not serve as an integral part of any existing manufacturing process that may or may not be already occurring at the Regasification Facility; and/or (6) the Liquefaction Facility will not be engaged in the business of working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process;

III.    That this Court issue a declaratory judgment in favor of the Plaintiff, JMCB, LLC, and the Class and against the Defendants, declaring that the issuance of Liquefaction Contract I to Cameron LNG, LLC, was an improper act of the Board in violation of the Louisiana Constitution of 1974, Article VII, Section 21(F) and declaring that the contract is null and void and without legal effect because Cameron LNG, LLC, submitted an Industrial Ad Valorem Tax Exemption Program Application and Advance Notification form to LDED which failed to state that Cameron LNG, LLC, was applying for an exemption under the "new manufacturing establishment" provision of La. Const. art. VII, § 21(F), and instead, stated that it was applying for an exemption under the "addition to an existing manufacturing establishment" provision of La. Const. art. VII, § 21(F);

IV.    That this Court issue a declaratory judgment in favor of the Plaintiff, JMCB, LLC, and the Class and against the Defendants, declaring that the issuance of Liquefaction Contract I to Cameron LNG, LLC, was an improper act of the Board in violation of the Louisiana Constitution of 1974, Article VII, Section 21(F) and declaring that the contract is null and void and without legal effect

because Cameron LNG, LLC's Liquefaction Facility at 301 N. Main Street in Hackberry, Louisiana, is not a plant or establishment which will engage in the business of working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process;

V.    That this Court issue a declaratory judgment in favor of the Plaintiff, JMCB, LLC, and the Class and against the Defendants, declaring that the issuance of Liquefaction Contract I to Cameron LNG, LLC, was an improper act of the Board in violation of the Louisiana Constitution of 1974, Article VII, Section 21(F) and declaring that the contract is null and void and without legal effect because Cameron LNG, LLC's Liquefaction Facility at 301 N. Main Street in Hackberry, Louisiana, is not a new "manufacturing establishment" or an "addition to an existing manufacturing establishment" according to the constitutional definition found at Louisiana Constitution of 1974, Article VII, Section 21(F);

VI.    That this Court issue a declaratory judgment in favor of the Plaintiff, JMCB, LLC, and the Class and against the Defendants, declaring that the issuance of Liquefaction Contract I to Cameron LNG, LLC, was an improper act of the Board in violation of the Louisiana Constitution of 1974, Article VII, Section 21(F) and declaring that the contract is null and void and without legal effect because the "manufacturing process" described by Cameron LNG in its application does not meet the required definition of "working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process," or the "manufacturing establishment" or "addition to" definitions as outlined in the Louisiana Constitution of 1974, Article VII, Section 21(F);

VII.    That this Court issue a declaratory judgment in favor of the Plaintiff, JMCB, LLC, and the Class and against the Defendants, declaring that the issuance of Liquefaction Contract II to Cameron LNG, LLC, was an improper act of the Board in violation of Louisiana Constitution of 1974, Article VII, Section 21(F) because Cameron LNG submitted Liquefaction Application II and Liquefaction Advance Notification Form II which stated that it was applying for an exemption under the "addition to an existing manufacturing establishment" provision of La. Const. art. VII, § 21(F), when, in fact: (1) Cameron LNG, LLC, did not have an existing manufacturing plant or establishment at the provided facility location at the time the application was considered by the Board; and/or (2) Cameron LNG, LLC, did not have an existing manufacturing plant or establishment which was engaged in the liquefaction of natural gas at the provided facility location at the time the application was considered by the Board; and/or (3) the facility was not an addition to the already existing Regasification Facility; and/or (4) the facility was not an addition to an already existing establishment at the provided Liquefaction Facility address; and/or (5) the facility was not going to serve as an integral part of any existing process that may or may not be already occurring at the Regasification Facility and/or the Liquefaction Facility;

VIII.    That this Court issue a declaratory judgment in favor of the Plaintiff, JMCB, LLC, and the Class and against the Defendants, declaring that the issuance of Liquefaction Contract II to Cameron LNG, LLC, was an improper act of the Board in violation of La. Const. art. VII, § 21(F) because Cameron LNG submitted Liquefaction Application II and Liquefaction Advance Notification Form II to LDED which failed to state that Cameron LNG was applying for an exemption under the "new manufacturing establishment" provision of La. Const. art. VII, § 21(F);

IX.    That this Court issue a declaratory judgment in favor of the Plaintiff, JMCB, LLC, and the Class and against the Defendants, declaring that the issuance of Liquefaction Contract II to Cameron LNG, LLC, was an improper act of the Board in violation of La. Const. art. VII, § 21(F) because Cameron LNG's facility at 255 North Main Street in Hackberry, Louisiana, is not a plant or establishment which engages or will engage in the business of working raw materials into wares

suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process;

X.    That this Court issue a declaratory judgment in favor of the Plaintiff, JMCB, LLC, and the Class and against the Defendants, declaring that Liquefaction Contract II is unconstitutional because the "manufacturing process" described by Cameron LNG, LLC, in Liquefaction Application II does not meet the required definition of "working raw materials into wares suitable for use or which gives new shapes, qualities or combinations to matter which already has gone through some artificial process" or the "manufacturing establishment" or "addition to an existing manufacturing establishment" definitions as outlined in La. Const. art. VII, § 21(F);

XI.    In the event that any of the declaratory relief requested above herein is entered by judgment in favor of the Plaintiff and the class and one and/or both of Liquefaction Contract I and Liquefaction Contract II are deemed to be null and void, but the judgment is not entered until after the effective date of the respective contract, then Plaintiff and the class pray for an award of incidental damages from Cameron LNG in the form of the payment of ad valorem taxes not paid and owed after the effective date of the respective contract, payable to the appropriate Cameron Parish taxing body class members, plus any applicable penalties and interest owed under Louisiana law;

XII.    For all costs of this suit, applicable attorney's fees, and for legal interest thereon from the date of the filing of these proceedings; and,

XIII.    For all other just and equitable relief.

BY ATTORNEYS:

**PATRICK W. PENDLEY – LSBA #10421**
**STAN P. BAUDIN – LSBA #22937**
**PENDLEY, BAUDIN & COFFIN, LLP**
**24110 Eden Street**
**Plaquemine, LA 70764**
**(225) 687-6396 – VOICE**
**(225) 687-6398 – FAX**

**CHRISTOPHER D. SHOWS – LSBA #20608**
**PIERCE & SHOWS, APLC**
**601 St. Joseph Street**
**Baton Rouge, LA 70802**
**(225) 388-9574 – VOICE**
**(225) 388-0081 - FAX**

**TROY D. MORAIN- LSBA #19070**
**THE MORAIN FIRM, LLC**
**8550 United Plaza Blvd., Suite 702**
**Baton Rouge, LA 70809**
**(225) 767-7151 - VOICE**
**(225) 767-8995 - FAX**

**\*\*\* SERVICE INFORMATION ON NEXT PAGE \*\*\***

CERTIFIED TRUE AND
CORRECT COPY

FEB 0 7 2017

East Baton Rouge Parish
Deputy Clerk of Court

**PLEASE SERVE:**

**Cameron LNG, LLC**
Through its agent for service of process:
**Corporation Service Company**
**501 Louisiana Avenue**
**Baton Rouge, LA 70802**

**Board of Commerce and Industry**
through its Chairman:
**Steve Windham**
**617 North Third Street**
**Baton Rouge, Louisiana**

**Louisiana Department of Economic Development**
through its Secretary:
**Don Pierson**
**1051 North Third Street**
**Baton Rouge, Louisiana**

**Louisiana Attorney General Jeff Landry**
**1885 North Third Street**
**Baton Rouge, Louisiana**

## NOTICE OF PRIOR FILING OR MULTIPLE FILING

       In an abundance of caution, and pursuant to Rule 9.4 of the Uniform Rules for the District Courts, JMCB, LLC, hereby attaches this "Notice of Prior Filing or Multiple Filing" to this Class Action Petition to inform the Court and Clerk of Court that it, individually, and on behalf of a class of all others similarly situated, previously filed a similar suit on October 12, 2016, against two of the same defendants in this suit (Board of Commerce and Industry, and the Louisiana Department of Economic Development) and alleged that these defendants violated the Louisiana Constitution by granting an industrial tax exemption to a liquefaction facility. That suit is entitled: "*JMCB, LLC, et al. v. Board of Commerce and Industry, et al.*, Suit No. 652077, Division 27, Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana." This suit is still pending. The third defendant named in the prior suit (Sabine Pass Liquefaction, LLC), and the third defendant named in the instant suit (Cameron LNG, LLC), are obviously different, but the causes of action alleged against all defendants in each suit, and the relief sought in each suit, is the same.

BY ATTORNEYS:

**PATRICK W. PENDLEY – LSBA #10421**
**STAN P. BAUDIN – LSBA #22937**
**PENDLEY, BAUDIN & COFFIN, LLP**
**24110 Eden Street**
**Plaquemine, LA 70764**
**(225) 687-6396 – VOICE**
**(225) 687-6398 - FAX**

**CHRISTOPHER D. SHOWS – LSBA #20608**
**PIERCE & SHOWS, APLC**
**601 St. Joseph Street**
**Baton Rouge, LA 70802**
**(225) 388-9574 – VOICE**
**(225) 388-0081 - FAX**



CERTIFIED TRUE AND
CORRECT COPY

FEB 0 7 2017

East Baton Rouge Parish
Deputy Clerk of Court

East Baton Rouge Parish Clerk of Court C654026 PAYMENT RECEIVED    Fax 2253893392        Dec 28 2016 11:26am P002/002
ERD CLERK OF COURT                                                                                    Page 1 of 1



**POSTED**

**DOUG WELBORN**                        P.O. Box 1991
**CLERK OF COURT**    JAN 0 5 2017   Rouge, LA 70821-1991
19TH JUDICIAL DISTRICT
PARISH OF EAST BATON ROUGE          **Phone**
                                     **(225) 389-3982**

JMCB
vs. The Board of Comm.          Date: 12/28/16
Stan Baudin                     Number: C654026 27
_____, Attorneys

We have received your Class Action Suit in the above matter but are unable to process
the pleading(s) due to lack of funds (see below):                    COST OK $ 400
                                                                          1687
(     ) the pauper motion was denied by the Judge.              JAN -5 2017

( ✓ ) required funds not provided at time of filing.          _____
                                                               DEPUTY CLERK OF COURT
(     ) jury fee not received (the amount of $200.00 has been included in the amount below)

The pleading(s) is being forwarded to the Civil Suit Records Department and will not be processed until we
receive the amount of $   400.00   . **IT IS IMPERATIVE** that a copy of this notice be
returned with your payment so that we may expedite service.

In accordance with LSA R.S. 13:992.1 and the Local Rules of the 19th Judicial District Court, the jury fee
should be paid upon request for trial by jury. **Your case will not be placed on jury trial docket until the
amount of $200.00 has been received in this office.**

Thank you,

_____
Deputy Clerk of Court

For information call:
Accounting Department
389-3982

Civil No. 130 Rev. 07/07
Clerk of Court / Accounting

2402-17-007226

# CITATION

JMCB, LLC
(Plaintiff)

vs.

THE BOARD OF COMMERCE &
INDUSTRY, ET AL
(Defendant)

NUMBER  C654026 SECTION 27

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  **CAMERON LNG, LLC**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS**
**CORPORATION SERVICE COMPANY**
**501 LOUISIANA AVENUE**
**BATON ROUGE, LA  70802**

GREETINGS:

    Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

    This citation was issued by the Clerk of Court for East Baton Rouge Parish on **06-JAN-2017.**



*Chanson Burks*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: PATRICK W PENDLEY

*The following documents are attached:
**CLASS ACTION PETITION**

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _____

DOMICILIARY SERVICE:  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

SECRETARY OF STATE:  By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED:  Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:   $_____
MILEAGE   $_____
TOTAL:   $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

**CITATION - 2402**

EBR3965329

2402-17-007227

# CITATION

JMCB, LLC
(Plaintiff)

**NUMBER C654026 SECTION 27**

vs.

**19ᵗʰ JUDICIAL DISTRICT COURT**

**THE BOARD OF COMMERCE &**
**INDUSTRY, ET AL**
(Defendant)

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:  **THE BOARD OF COMMERCE & INDUSTRY**
**THROUGH ITS CHAIRMAN**
**STEVE WINDHAM**
**617 N. 3ʳᵈ STREET**
**BATON ROUGE, LA**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **06-JAN-2017.**



_____
*Deputy Clerk of Court for*
Doug Welborn, Clerk of Court

Requesting Attorney: PATRICK W PENDLEY

*The following documents are attached:
CLASS ACTION PETITION

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:    $_____
MILEAGE    $_____          _____
TOTAL:      $_____               Deputy Sheriff
                                    Parish of East Baton Rouge

CITATION - 2402

EBR3965330

2402-17-007228

# CITATION

JMCB, LLC
(Plaintiff)

vs.

THE BOARD OF COMMERCE &
INDUSTRY, ET AL
(Defendant)

NUMBER  C654026 SECTION 27

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   **LOUISIANA DEPARTMENT OF ECONOMIC D**
**THROUGH ITS SECRETARY**
**DON PIERSON**
**1051 N. 3rd STREET**
**BATON ROUGE, LA**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **06-JAN-2017.**



_Chamon Brooks_
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

**Requesting Attorney: PATRICK W PENDLEY**

*The following documents are attached:
**CLASS ACTION PETITION**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

| SERVICE: | $_____ | |
|---|---|---|
| MILEAGE | $_____ | Deputy Sheriff |
| TOTAL: | $_____ | Parish of East Baton Rouge |

**CITATION - 2402**

EBR3965331

6004-17-001859

# NOTICE OF SERVICE

JMCB, LLC
(Plaintiff)

vs.

THE BOARD OF COMMERCE &
INDUSTRY, ET AL
(Defendant)

NUMBER  C654026 SECTION 27

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  **LOUISIANA ATTORNEY GENERAL JEFF LANDRY**
1885 N. 3rd STREET
BATON ROUGE, LA

GREETINGS:

You are hereby served with **CLASS ACTION PETITION**.   Certified copy(s) is(are) attached

hereto, as requested by **PATRICK W PENDLEY**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on 06-JAN-2017.



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:       $_____
MILEAGE      $_____            _____
TOTAL:         $_____                    Deputy Sheriff

NOTICE OF SERVICE –6004



EBR3965333

# NINETEENTH JUDICIAL DISTRICT COURT

## PARISH OF EAST BATON ROUGE

### STATE OF LOUISIANA

JMCB, LLC, ON BEHALF OF ITSELF        SUIT NO. 654026
AND ALL OTHERS
SIMILARLY SITUATED

VERSUS                                DIVISION: 27    COST OK$ 31

THE BOARD OF COMMERCE                                 CLH 2108
& INDUSTRY; LOUISIANA DEPARTMENT OF                   JAN - 9 2017
ECONOMIC DEVELOPMENT; AND,                            16
CAMERON LNG, LLC                                      DEPUTY CLERK OF COURT

*************************************************************

### PLAINTIFF'S MOTION TO APPOINT MEMBERS OF
### PLAINTIFFS' STEERING COMMITTEE

Plaintiff, JMCB, LLC, through undersigned counsel, move the Court to appoint

attorneys Patrick W. Pendley, Stan P. Baudin, Christopher D. Shows and Troy D. Morain

to the Plaintiffs' Steering Committee to be charged with prosecuting this litigation on

behalf of the putative class.

WHEREFORE, Plaintiff prays that its motion be granted and that attorneys

Patrick W. Pendley, Stan P. Baudin, Christopher D. Shows and Troy D. Morain be

appointed to the Plaintiffs' Steering Committee to be charged with prosecuting this

litigation on behalf of the putative class.

BY ATTORNEYS:

PATRICK W. PENDLEY - LSBA #10421
STAN P. BAUDIN - LSBA #22937
PENDLEY, BAUDIN & COFFIN, LLP
24110 Eden Street
Plaquemine, LA 70764
(225) 687-6396 – VOICE
(225) 687-6398 - FAX

CHRISTOPHER D. SHOWS – LSBA #20608
PIERCE & SHOWS, APLC
601 St. Joseph Street
Baton Rouge, LA 70802
(225) 388-9574 – VOICE
(225) 388-0081 - FAX

**REC'D C.P.**

JAN 09 2017

**TROY D. MORAIN- LSBA #19070**
**THE MORAIN FIRM, LLC**
**8550 United Plaza Blvd., Suite 702**
**Baton Rouge, LA 70809**
**(225) 767-7151 - VOICE**
**(225) 767-8995 - FAX**

<u>**CERTIFICATE OF SERVICE**</u>

I **HEREBY CERTIFY** that a copy of the above and foregoing pleading was

served upon all known counsel of record, via email, this 9th day of January, 2017.

**STAN P. BAUDIN**

FILED
EAST BATON ROUGE PARISH, LA
2017 JAN -9  PM 12: 58
DEPUTY CLERK OF COURT

# NINETEENTH JUDICIAL DISTRICT COURT

## PARISH OF EAST BATON ROUGE

### STATE OF LOUISIANA

JMCB, LLC, ON BEHALF OF ITSELF    SUIT NO. 654026
AND ALL OTHERS
SIMILARLY SITUATED

VERSUS    DIVISION: 27

THE BOARD OF COMMERCE
& INDUSTRY; LOUISIANA DEPARTMENT OF
ECONOMIC DEVELOPMENT; AND,
CAMERON LNG, LLC

**************************************************************************

### ORDER

Considering the above and foregoing Motion to Appoint Members of Plaintiffs'

Steering Committee:

**IT IS ORDERED, ADJUDGED AND DECREED** that the Plaintiff's motion

is GRANTED, and that attorneys Patrick W. Pendley, Stan P. Baudin, Christopher D.

Shows and Troy D. Morain are appointed to the Plaintiffs' Steering Committee to be

charged with prosecuting this litigation on behalf of the putative class.

**JUDGMENT READ AND SIGNED** this 9 day of January, 2017,

in Baton Rouge, Louisiana.

_____
**JUDGE, 19th JUDICIAL DISTRICT COURT**

FILED
EAST BATON ROUGE PARISH
2017 JAN -9 PM 12: 56

DEPUTY CLERK OF COURT

CERTIFIED TRUE AND
CORRECT COPY

FEB 07 2017

East Baton Rouge Parish
Deputy Clerk of Court

2402-17-007226

# CITATION

JMCB, LLC
(Plaintiff)

vs.

THE BOARD OF COMMERCE &
INDUSTRY, ET AL
(Defendant)

NUMBER  C654026 SECTION 27

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   **CAMERON LNG, LLC**
**THROUGH ITS AGENT FOR SERVICE OF PROCESS**
**CORPORATION SERVICE COMPANY**
**501 LOUISIANA AVENUE**
**BATON ROUGE, LA  70802**

GREETINGS:

Attached to this citation is a certified copy of the petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 06-JAN-2017.

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: PATRICK W PENDLEY

*The following documents are attached:*
CLASS ACTION PETITION

---

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:
PERSONAL SERVICE:  On the party herein named at _____

DOMICILIARY SERVICE:  On the within named _____ by leaving the same at his domicile
in this parish in the hands of _____ a person of suitable age and discretion residing in the said domicile at

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20____

| | |
|---|---|
| SERVICE: | $ _____ |
| MILEAGE | $ _____ |
| TOTAL: | $ _____ |

**FILED**

JAN 1 1 2017

JTS
DEPUTY CLERK OF COURT

JAN 1 0 2017

Deputy Sheriff
Parish of East Baton Rouge

CITATION - 2402 Corporation Services

Served the named party through the
made known _____

by tendering a copy of this document to

☐ JEANNINE SCHUTTE   ☒ PAULA GLASER   ☐ JARY CLARLI

E. Cummins
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

EBR3710898

EBR3965329

2402-17-007228

# CITATION

JMCB, LLC
(Plaintiff)

vs.

THE BOARD OF COMMERCE &
INDUSTRY, ET AL
(Defendant)

NUMBER  C654026 SECTION 27

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  **LOUISIANA DEPARTMENT OF ECONOMIC D**
THROUGH ITS SECRETARY
DON PIERSON
1051 N. 3rd STREET
BATON ROUGE, LA

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 06-JAN-2017.



*Chainma Burke*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: PATRICK W PENDLEY

*The following documents are attached:
CLASS ACTION PETITION

---

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
PERSONAL SERVICE:  On the party herein named at _____.

DOMICILIARY SERVICE:  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE:  By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED:  Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:        $_____
MILEAGE       $_____
TOTAL:          $_____

_____
Deputy Sheriff
Parish of East Baton Rouge

CITATION - 2402

**I MADE SERVICE TO THE LEGAL DEPT. THRU**

**FILED**

JAN 17 2017

JTS

DEPUTY CLERK OF COURT

JAN 12 2017

*Paine*
DY. L. PAYNES

EBR3965331

EBR3714348

6004-17-001859

# NOTICE OF SERVICE

JMCB, LLC
(Plaintiff)

vs.

THE BOARD OF COMMERCE &
INDUSTRY, ET AL
(Defendant)

NUMBER  C654026 SECTION 27

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    **LOUISIANA ATTORNEY GENERAL JEFF LANDRY**
       1885 N. 3rd STREET
       BATON ROUGE, LA

GREETINGS:

You are hereby served with **CLASS ACTION PETITION**.  Certified copy(s) is(are) attached

hereto, as requested by **PATRICK W PENDLEY**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **06-JAN-2017.**



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

## SERVICE INFORMATION:

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____, served
on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:    $_____          _____
MILEAGE    $_____              Deputy Sheriff
TOTAL:      $_____

NOTICE OF SERVICE –6004

**FILED**

JAN 17 2017

JTS

DEPUTY CLERK OF COURT

I MADE SERVICE
TO THE LEGAL DEPT.
THRU

JAN 12 2017

DY. L. PAYNES

EBR3714349

EBR3965333

**DATED**
JAN -9 2017

East Baton Rouge Parish Clerk of Court C654026 SERVICE INFORMATION                                    Page 1 of 1

2402-17-007227

# CITATION

JMCB, LLC
(Plaintiff)

vs.

THE BOARD OF COMMERCE &
INDUSTRY, ET AL
(Defendant)

NUMBER  C654026 SECTION 27

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    **THE BOARD OF COMMERCE & INDUSTRY**
THROUGH ITS CHAIRMAN
STEVE WINDHAM
617 N. 3rd STREET
BATON ROUGE, LA

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on 06-JAN-2017.



_Champs Burks_
_Deputy Clerk of Court for_
_Doug Welborn, Clerk of Court_

Requesting Attorney: PATRICK W PENDLEY

*The following documents are attached:
CLASS ACTION PETITION

---

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:

PERSONAL SERVICE: On the party herein named at _____

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT: After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED: Parish of East Baton Rouge, this _____ day of _____, 20____

I MADE SERVICE
TO THE LEGAL DEPT.
THRU

JAN 12 2017

_Paine_
BY L. PAYNES
at 105/ N. 3rd

SERVICE:     $_____
MILEAGE     $_____
TOTAL:       $_____

Deputy Sheriff
Parish of East Baton Rouge

CITATION -2402

**FILED**
JAN 17 2017
JTS
DEPUTY CLERK OF COURT

**DATED**
JAN -9 2017

EBR3714350

EBR3965330