UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JMCB, LLC, ON BEHALF OF ITSELF
AND ALL OTHERS SIMILARLY
SITUATED

VERSUS

THE BOARD OF COMMERCE &
INDUSTRY; LOUISIANA
DEPARTMENT OF ECONOMIC
DEVELOPMENT; AND CAMERON
LNG, LLC

CIVIL ACTION

NO. 17-75-JWD-JCW

**RULING AND ORDER**

This matter comes before the Court on three motions: (1) *Cameron LNG, LLC's* ("Cameron's") *Motion to Reconsider and Vacate Order of Dismissal, or Alternative Motion to Intervene as a Defendant* (the "Motion to Intervene") (Doc. 31); (2) the *Consolidated Motion for Clarification of the Complaint Pursuant to Federal Rule of Civil Procedure 12(e) or 12(f) and Motion for Joinder of Party Pursuant to Federal Rule of Civil Procedure 12(b)(7) and 19* (the "Motion for Clarification" and "Motion to Join") (Doc. 28) filed by Defendants, the Board of Commerce and Industry (the "Board") and the Louisiana Department of Economic Development (the "LDED") (collectively, the "State Defendants"); and (3) the *Motion to Dismiss Certain Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (the "Motion to Dismiss") (Doc. 18) by the State Defendants. All three motions are opposed (Docs. 26, 36, 37), and reply memoranda have been filed (Doc. 30, 45, 47). Oral argument is not necessary.

The Court has carefully considered the law, the facts in the record, and the arguments of the parties and is prepared to rule. For the reasons articulated in the related case of *JMCB, LLC v. Board of Commerce & Industry*, No. 17-77 (M.D. La.), Doc. 57, the Motion to Intervene and

Motion to Join are granted. Cameron will be joined in this action, either as a necessary and indispensable party under Fed. R. Civ. P. 19 or by intervention (of right or permissive) under Rule 24. The Motion for Clarification is also granted in that Plaintiff is required to file an amended complaint within twenty-eight (28) days of this order to clarify the allegations against all parties. For that reason, the Motion to Dismiss is denied without prejudice; the State Defendants can re-urge these arguments, if necessary, after the Plaintiff has filed its amended complaint.

The Court's ruling in the related case (attached as an appendix to this Ruling and Order) analyzes all of these issues in the context of Plaintiff's case against the State Defendants and Sabine Pass Liquefaction, LLC, a company in a virtually identical position to Cameron for these purposes. As a result, the Court's reasoning in the related case applies with equal force here.

Accordingly,

**IT IS ORDERED** that *Cameron LNG, LLC's Motion to Reconsider and Vacate Order of Dismissal, or Alternative Motion to Intervene as a Defendant* (Doc. 31), and the State Defendant's *Consolidated Motion for Clarification of the Complaint Pursuant to Federal Rule of Civil Procedure 12(e) or 12(f) and Motion for Joinder of Party Pursuant to Federal Rule of Civil Procedure 12(b)(7) and 19* (Doc. 28) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's notice of voluntary dismissal (Doc. 22) is **SET ASIDE**, and the Court's April 5, 2017, order dismissing Cameron from this case (Doc. 23) is **VACATED**.

**IT IS FURTHER ORDERED** that Cameron will be joined in this action as a defendant either as a necessary and indispensable party under Rule 19 or through intervention (of right and permissive) under Rule 24.

**IT IS FURTHER ORDERED** that Plaintiff is given twenty-eight (28) days in which to file an amended complaint clarifying the claims against the parties.

**IT IS FURTHER ORDERED** that the State Defendant's *Motion to Dismiss Certain Claims Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (Doc. 18) is **DENIED WITHOUT PREJUDICE**. The State Defendants may re-urge their objections, if necessary, after the Plaintiff files its amended complaint.

Signed in Baton Rouge, Louisiana, on <u>December 5, 2017</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**